By the Court.
Taking up the errors found by the court of appeals in order, as stated by them,the ordinance prohibiting the crossing of streets by pedestrians at other than regularly designated crossings made its operation dependent upon the action of the director of public service, for it specifically provided that “the director of public service shall designate * * * street crossings and extensions of sidewalks and provide for the proper designation of same by mark.”
No proof of such designation was offered, and it is conceded by counsel that no such designation by mark, or otherwise, had been made at the crossing of Linn and Court streets, nor indeed at any other place in the city of Cincinnati, prior to the accident, and if the ordinance could be held to have been in operation in respect to pedestrians crossing the streets it would have amounted to a prohibition of the crossing of any of the streets of Cincinnati by pedestrians; for it provides “pedestrians shall not cross streets except at regularly designated crossings.” To so hold would necessarily require the court to hold the ordinance unconstitutional and void, for the reason that it unnecessarily and un *296 reasonably abridged the rights of the public in the use of the public streets. We, however, do not take that view, but hold that the ordinance in respect to crossings was inoperative until such time as the director of public service should comply with its provisions as to designating street crossings and extensions of sidewalks. It necessarily follows, then, that its introduction in evidence was erroneous, and it also follows that since its introduction was erroneous special charge No. 6 with reference thereto was equally erroneous.
Were these the only errors complained of, however, we would not hold them to have been prejudicial by reason of the answers to interrogatories submitted to the jury.
The admission as evidence, of the deposition of Charles R. Heeter, however, raises a more serious question. Section 11534, General Code, provides: “Written notice of the intention to take a deposition shall be given to the adverse party, * * * and shall specify the action or proceeding, the name of the court or tribunal in which the deposition is to be used, and the time when and place where it will be taken.”
The purpose of the notice is to apprise the opposite party of the time when and place where the deposition will be taken, so that from the information contained in the notice itself he may learn of the place where and the time when the deposition will be taken. Had the defendant in error presented himself at Camp Hancock at the time designated in the notice, how was he to know where-in that large camp the deposition was to be taken, and *297 what information had he upon which he could base an intelligent inquiry ?
Assuming the correctness of the argument of plaintiff in error that every person was presumed to know that the place “Camp Hancock” meant the headquárters of that camp, and that the defendant in error was, therefore, charged with the knowledge of such meaning, had defendant in error acting upon such notice and knowledge presented himself at headquarters of what avail would such attendance have been, since the deposition in fact was not taken at headquarters but at the tent of one of witness’s commanding officers? Is it within the range of probability that he could have located the place where the deposition was to be taken by any other process than by shadowing the counsel for plaintiff in error, the identity of the witness being in no- way disclosed? Such extreme diligence is not required as a predicate to objection to the introduction of the deposition as. evidence.
The notice to take the deposition was fatally defective in that it did not apprise the defendant in error of the place where the. deposition was to be taken, and his failure to take extraordinary measures to ascertain the place did not amount to a waiver of objection thereto. The testimony of the witness being pertinent to the material issues of the case its introduction was prejudicial.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Jones, Matthias, Joeinson and Robinson, JJ., concur.